UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JAMES DONALD NYE,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 5:17-CV-08002-RDP |
| **UNITED STATES OF AMERICA,** | } |
| **Defendant.** | } |

## MEMORANDUM OPINION

James Donald Nye ("Petitioner") is currently in the custody of the United States Bureau of Prisons ("BOP") serving a 21-month prison sentence imposed after he violated his supervised release, for the third time.[1] Petitioner now moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. # 1). He asserts an ineffective assistance of counsel claim, contending that his counsel (1) misinformed him as to the application of his state-court jail credits to his federal sentence, and (2) failed to inquire with the court as to the application of his state-court jail credits to his federal sentence. The Motion (*see* Doc. # 1) has been fully briefed (*see* Docs. # 1, 3, 4) and is ripe for review. After careful review, the court concludes that Petitioner's Motion (*see* Doc. # 1) is due to be denied.

**I.     Background**

Petitioner committed bank fraud on January 23, 2002. The United States filed an Information against him in October 2008, charging him with one count of knowingly and willfully making a fraudulent statement to a United States Bank. (Doc. # 1). Petitioner plead guilty to the

---

[1] Petitioner's initial conviction arose from his plea of guilty to knowingly and willfully engaging in bank fraud, in violation of 18 U.S.C. § 1014.

charge. On February 18, 2009, Petitioner was sentenced to 60-months' probation. However, on March 1, 2012, Petitioner's probation was revoked because he was found to have violated the terms of his probation. He was then sentenced to one-weekend in incarceration, to then be placed on supervised release for a period of 60 months. Subsequently, on March 4, 2013, Petitioner violated the terms of his supervised release again, and he was committed to the custody of the BOP to be imprisoned for a term of six (6) months. Upon his release, Petitioner was placed on supervised release for a period of 24 months. Then, on May 6, 2015, Petitioner once again violated the terms of his supervised release, and he was committed to the BOP for a term of 21 months (with no term of supervised release to follow).

While incarcerated, Petitioner mailed three letters to the court: the first on May 18, 2016, the second on June 22, 2016, and the third on January 3, 2017. These letters discussed various concerns Petitioner had and requested the court to apply his state-court "jail credits" to his federal sentence. (Docs. # 49, 50, 51). On February 6, 2017, Petitioner filed this § 2255 Motion. He claims that there is a total of 385 days of credit (from serving state-court sentences) that should have been applied to his 21-month federal sentence. Petitioner asserts that his counsel informed him that the credits would be applied when he was taken into BOP custody, but the credits were never applied. (Doc. # 1 at 6).

## II. Standard of Review

Section 2255 authorizes a federal prisoner to move in the court of conviction to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Such a motion is subject to heightened pleading requirements which mandate that the motion must specify all the grounds of relief and state the facts supporting each ground. *See* Rules 2(b)(1) & (2), Rules Governing § 2255

Proceedings; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994). When a § 2255 motion is filed, it is subject to preliminary review, at which time the court is authorized to dismiss the motion summarily "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. A § 2255 movant is not entitled to a hearing or post-conviction relief when his claims fail to state a cognizable claim or amount to only conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible. *See Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).

### III. Discussion

The United States argues that Petitioner's Motion is due to be denied because (1) it is untimely, and (2) it is meritless. The court addresses each argument, in turn, and concludes that Petitioner's Motion is indeed due to be denied.

#### A. Petitioner's § 2255 Motion is Untimely

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "Congress prescribed a one-year statute of limitations on § 2255 motions." *Davenport v. United States*, 217 F.3d 1341, 1343-44 (11th Cir. 2000). The statute of limitations begins to run from the "date on which the judgment of conviction becomes final."[2] 28 U.S.C. § 2255(f)(1). Here, Petitioner's supervised release was revoked and he was sentenced to the 21-month term on May 6, 2015. He did not appeal. Thus, his revocation and sentence became final on May 20, 2015.[3] (*See* Doc. # 47).

---

[2] The statute lists three other situations in which the statute could begin to run, but none are applicable here. *See* 28 U.S.C. § 2255(f).

[3] Once a final judgment is entered in a criminal case, a defendant has fourteen days from the entry of the judgment (or from the government's notice of appeal) to file a Notice of Appeal. *See* Federal Rule Appellate Procedure 4(1)(A)(i). Petitioner did not file a Notice of Appeal. Therefore, his conviction became final on May 20, 2015—fourteen days after judgment was entered.

Therefore, Petitioner had until May 20, 2016 to file a § 2255 motion.

As mentioned above, Petitioner sent three letters to the court between the date of his conviction and the date he filed the present § 2255 Motion. For purposes of this Order, the court assumes that each letter constitutes a § 2255 "motion." Each letter contains a request that, among other things, his state-court "jail credits" be applied to his federal sentence. Notably, only one of these letters can be considered timely: the May 18, 2015 letter. However, nothing in the May 18, 2015 letter can be construed by the court as constituting a proper claim for relief under § 2255.

In order to bring a claim under 28 U.S.C. § 2255, the petitioner must establish that "[(1)] the judgment was rendered without jurisdiction, [(2)] . . . the sentence imposed was not authorized by law or otherwise open to collateral attack, or [(3)] . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). If one of these is shown to be true, the court may then "vacate and set the judgment aside and discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

Petitioner's May 18, 2015 letter is void of any suggestion that any of these three circumstances were raised by Petitioner. The letter only discusses his position that his state-court jail credits should be applied to his federal sentence (so that he can be released to continue working on his workers' compensation case and seek specialized medical treatment). (Doc. # 49). Thus, the May 18, 2015 letter cannot be categorized as a proper § 2255 motion. It certainly does not raise a claim of ineffective assistance of counsel, that the court lacked jurisdiction, or that the sentence itself was not authorized by law or infringed his constitutional rights.

Were Petitioner to have asserted a proper basis for a § 2255 motion in the letter, such as an ineffective assistance of counsel claim (as he did in the present but untimely Motion), his letter

4

may have presented a timely claim. And, under Federal Rule Civil Procedure 15(c)(1), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.") So, had a valid claim been raised (or even arguably raised) in his May 18, 2015 letter, and more clearly fleshed out in his current (albeit, standing alone, untimely) Motion (*see* Doc. # 1), the claim raised in the May 18, 2015 letter may have "related back," causing the "otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Davenport*, 217 F.3d at 1344.

However, that is not what occurred here. Nowhere in the May 18, 2015 letter is there a claim for ineffective assistance of counsel—or even a hint of one. Because of Petitioner's failure to allege ineffective assistance of counsel (or any other valid § 2255 claim) in his May 18, 2015 letter, his current § 2255 Motion necessarily fails as untimely.

**B. Petitioner's § 2255 Motion is Without Merit**

Even if Petitioner had timely filed his § 2255 Motion (and, to be clear, he did not), his Motion would still be denied because he has failed to properly allege an ineffective assistance of counsel claim. Petitioner argues that (1) his counsel misinformed him as to the application of his state-court jail credits to his federal sentence, and (2) his counsel failed to raise -- at his sentencing -- the issue of applying his state-court "jail credits" to his federal sentence. The court is unpersuaded by these arguments and concludes that Petitioner's claim is without merit.

The Supreme Court has recognized a two-part test for determining whether a defendant brought a valid claim for ineffective assistance of counsel: (1) Whether the defendant can show that counsel's representation fell below an objective standard of reasonableness; and (2) whether the defendant can show that there is a reasonable probability that, but for counsel's unprofessional

5

errors, the result of the proceeding would have been different. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984)). "The test for ineffectiveness is not whether counsel could have done more; perfection is not required. . . . Instead, the test is whether some reasonable attorney could have acted, in the circumstances, . . . within the 'wide range of reasonable professional assistance.'" *Waters v. Thomas*, 46 F.3d 1506, 1518 (11th Cir. 1995) (citing *Atkins v. Singletary*, 965 F.2d 952, 960 (11th Cir. 1992)).

Here, Petitioner cannot show that his counsel's representation fell below an objective standard of reasonableness, nor can he show that the result of the proceeding would have been different had his counsel properly informed him as to the application of his jail credits to his federal sentence or inquired about Petitioner's state-court jail credits. Thus, Petitioner cannot assert that his counsel's representation fell below an objective standard of reasonableness. This is the case because there is no suggestion that his counsel did not act "within the wide range of reasonable professional assistance." *Waters*, 46 F.3d at 1518; *see Jones v. United States*, 746 F. App'x 912, 914 (11th Cir. 2018) (finding that "[t]he possibility that [a] district court might . . . exercise[] its discretion [with regard to running federal and state-court sentences consecutively] is insufficient to show prejudice").

Nor can Petitioner show cause. Even if his counsel had actually inquired about his state-court jail credits, the result of the proceeding would not have been different because the court was not required to apply his state-court jail credits to his federal sentence. To be sure, a district judge is not required to credit a defendant's federal sentence with time served in state court unless "the term of imprisonment resulted from another offense (1) that is relevant conduct to the instant offense of conviction[,] and (2) was the basis for an increase in offense level for the instant offense." *United States v. Fuentes-Tavora*, 265 F. App'x 789, 790 (11th Cir. 2008) (citing United

States Sentencing Guideline § 5G1.3(b)). Petitioner's state-court convictions concerned identity theft and theft of property first by deception. (Doc. # 1 at 9). His conviction in this court concerned making a material and false statement to a financial institution. Petitioner's state-court convictions are not relevant conduct to the "instant offense of conviction," and at sentencing it was not "the basis for an increase in [his] offense level." *Fuentes-Tavora*, 265 F. App'x at 790.

Thus, Petitioner cannot show any prejudice. For all these reasons, Petitioner's § 2255 Motion is due to be denied.

**DONE** and **ORDERED** this February 14, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE